JOHN H. TEDENS *et al.*

*v.*

J. B. SCHUMERS.

*Filed at Ottawa November 17, 1884.*

1. EVIDENCE—*in support of general character of witness for truth and veracity—whether admissible.* A party can not call and examine witnesses to support the general character of another witness, or himself, as a witness, for truth and veracity, until the character of the witness thus sought to be supported has been directly assailed. Mere contradictions or different versions by witnesses do not justify the application of the rule that evidence may be given favorable to a witness' character for truth. It is only when witnesses are called who testify that his general character for truth is bad, that witnesses may be introduced in support of his general character.

2. SAME—*due bill in possession of the maker—degree of evidence to overcome presumption of payment.* The fact that a due bill is found in the hands of the maker, is *prima facie* evidence of its payment, and the payee suing on the same is required to overcome the presumption by a preponderance of evidence, before he can recover. In a suit to recover an alleged indebtedness, the plaintiff must prove the defendant owes him, by a preponderance of evidence.

3. And if the plaintiff shows, by a preponderance of evidence, that the defendant owes him on a due bill, notwithstanding its surrender to the latter, then the defendant must overcome that evidence by a preponderance, to defeat a recovery.

4. So it is error to refuse an instruction, in a suit to recover a debt which is denied by the pleadings, that the plaintiff must make and establish his case by a preponderance of the evidence, and unless he has done so the jury should find for the defendant.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. JOHN G. ROGERS, Judge, presiding.

Mr. EDWARD F. COMSTOCK, and Mr. J. EDWARDS FAY, for the appellants:

As a general rule it is not competent to give evidence of the general character of a witness for truth and veracity, unless an attempt has been made to impeach him. A mere contradiction in the testimony of witnesses does not necessarily involve their moral character, and does not, alone, authorize the admission of evidence in support of their general reputation for truth. *Verner* v. *Tucker*, 30 Md. 456; *Russell* v. *Coffin*, 8 Pick. 143; *People* v. *Halse*, 3 Hill, 309; *Harks* v. *People*, 5 Denio, 103; *Railroad Co.* v. *Williams*, 54 Ala. 168; *Werts* v. *May*, 21 Pa. St. 274; *Braddie* v. *Brownfield*, 9 Watts, 124; *Rogers* v. *Moore*, 10 Conn. 13; *Johnson* v. *State*, 21 Ind. 329; *People* v. *Gay*, 7 N. Y. 378; *People* v. *Rector*, 19 Wend. 569; *Haines* v. *People*, 82 Ill. 430; *Crose* v. *Rutledge*, 81 id. 266; *Brann* v. *Campbell*, 86 Ind. 516; *State* v. *Cooper*, 71 Mo. 436; *Stillwell* v. *Carpenter*, 2 Abb. 238; *Moody* v. *Pell*, id. 274; *Kitteringham* v. *Dance*, 58 Iowa, 632; Greenleaf on Evidence, (14th ed.) sec. 55.

The court erred in the giving of the instruction asked by the appellee, and in refusing those asked by the appellants.

Mr. W. C. MINARD, and Mr. W. H. SKELLY, for the appellee:

After the defendants had assailed the character of the plaintiff by an effort to prove that he was a thief, and attempted to impeach him by proof that he had made contradictory statements out of court to his testimony, the admission of evidence of his good character was proper. *Craig* v. *Rohrer*, 63 Ill. 335.

Whenever the character of a witness for truth is attacked in any way, it is competent for the party calling him to give

general evidence in support of his good character. *Paine* v. *Tilden*, 20 Vt. 554; *Carter* v. *People*, 2 Hill, 317; *People* v. *Ah Fat*, 48 Cal. 61; *People* v. *Amanagus*, 50 id. 233.

But even if such evidence was improper, its admission was harmless.

Mr. JUSTICE WALKER delivered the opinion of the Court:

This was an action of assumpsit, brought by Schumers, in the circuit court of Cook county, against J. H. Tedens and J. Thormahlm. There was filed the general issue, under which a trial was had, resulting in a verdict and judgment against defendants for $1379. The verdict, as returned by the jury, was for $2758, but to avoid a new trial plaintiff remitted one-half, and took judgment for the balance. On an appeal to the Appellate Court for the First District the judgment was affirmed, and defendants bring the record to this court, and ask a reversal.

It appears from the evidence that appellants owned a general store, which was kept by them in Lemont, in Cook county. Appellee, after being in their employment for thirteen or fourteen years, commenced business on his own account, but it proving unsuccessful, he soon abandoned it, and returned to the employment of appellants, and he so remained until on the 1st of June, 1879, when, on a settlement, they were found to be indebted to him in the sum of $2100, to evidence which they drew and gave to him a due bill, drawing eight per cent interest. Appellee continued in their employment until in March, 1880, when defendants claimed to have discovered that appellee was secretly removing goods from the store without either paying for or charging them to himself. They also claimed that he confessed that he had so acted for near four years past. They claimed the amount so taken aggregated $4000, and, after several interviews, they claim that it was arranged that to satisfy their demand he surrendered the

due bill, and they cancelled it, and have since held it.   Appellee insists that he did not surrender the due bill as a satisfaction of such claim on the part of appellants, but that it was agreed that they should hold it until they could examine and ascertain the amount he owed them for goods thus taken, credit the amount on the due bill, and pay him the balance, if any, which they have never done.

On the trial, appellee testified to his theory of the case. Appellants, on the stand, contradicted him, and testified to their version of the matter.   In some portions of their evidence they are corroborated by other witnesses.   Appellee, to support his testimony, called a number of witnesses to prove his general character for truth and veracity, to which appellants objected, but the court admitted the evidence, and they excepted, and urge *its* admission as error.   Appellee claims this evidence was admissible, on the ground that his character for truth and veracity was attacked by being contradicted by other witnesses.   This is, we think, a misconception of the rule.   As we understand the rules of evidence, a witness can not call witnesses to support his general character for truth and veracity until it is assailed.   Mere contradictions, or different versions by witnesses, do not justify the application of the rule that he may call witnesses to support his character for truth.   When witnesses are called who say his general character is bad, then he may call witnesses in support of his general character.   Before he can do so his general character must be attacked.   If the practice sanctioned the calling of witnesses to prove general character whenever a witness is contradicted, it would render trials interminable.   The greater portion of the time of courts would be liable to be engaged in the attack and support of the characters of witnesses.   If permitted, each of the contradicting witnesses would have the same right, and not only so, but all of the supporting witnesses on each side contradicting each other would be entitled to the same privilege.

It is thus seen that the rule must be limited to cases where witnesses are called to impeach the general character of a witness, otherwise it, instead of reaching truth by the verdict, would tend to stifle it under a large number of side issues, calculated to obscure and not to elucidate them. It may be that some courts have made exceptions to the rule, but we are not inclined to adopt them as the rule. Many cases referred to were where the witness was charged with crime by other witnesses, when it was held he might call witnesses to support his character for honesty.

It has never been the practice in this State to permit a witness, in support of his character for veracity, to prove that he has been honest in his dealings, or moral and free from vice. It does not follow that because a man deals honestly, and is otherwise moral, he is therefore truthful. Nor is it believed that because a man is not fair in his dealings, or is immoral, he is therefore untruthful. We are aware that some courts have reached and announced conclusions that immorality and unfair dealing establish a want of credibility for truth, and that morality and fairness in his dealings establish his character for veracity. We presume no one would contend that evidence of general good character for truth and veracity would be admissible to disprove a charge of murder, robbery or larceny. In the charge of murder, proof that the accused had borne a good character as a peaceable, orderly and quiet citizen, in a doubtful case might have a strong tendency to exculpate the accused from the charge, and such evidence is admissible in such cases. So in cases on the charge of robbery or larceny, evidence of general character for honesty and uprightness is admissible in doubtful cases, but not good character for truth and veracity, or even other traits of character. This evidence was only calculated to confuse the issue and mislead the jury in their finding, and should not have been introduced.

Complaint is made of the second of the instructions given for appellee. The instruction is not accurate. The fact that the due bill was in the hands of appellants, afforded strong *prima facie* evidence that it had been paid, and appellee was required, by a preponderance of evidence, to overcome that presumption before he could recover. The jury should have been so informed, but neither this nor any other instruction announces that proposition. Having sued, appellee was required to prove that appellants owed him, by a preponderance of evidence, to recover. The burthen of proof was on him. Until he established that fact appellants were not required to prove anything, by a preponderance or otherwise. But if appellee's evidence preponderated to prove that appellants were indebted to him, notwithstanding he had surrendered the due bill and it was in the possession of appellants, then they were required to overcome that evidence by a preponderance, to defeat a recovery. The jury should have been, but were not, so instructed. This instruction should have been so limited. As given, it was calculated to mislead, and was erroneous.

Appellants complain that the court erred in refusing to give their instruction No. 4, of those asked by them, but refused. It is this:

"The court instructs the jury that it is a requirement of the law that the plaintiff make and establish his case by a preponderance of the evidence, and unless he has done so in this case, then your verdict should be for the defendants, and against the plaintiff."

There is no proposition of law that is more elementary, better recognized, and more uniformly applied, than that a plaintiff can never recover unless a preponderance of the evidence establishes the liability of the defendant. The rule is one of the maxims of the law. We are not aware that it has ever been questioned, doubted, limited or qualified. It lies at the very foundation of the administration of justice, and is

indispensable to its attainment. Appellee was plaintiff. He had averred that appellants were indebted to him, and he was required to prove the averment by at least a preponderance of evidence before he could recover. The court erred in refusing to give this instruction.

For the errors indicated, the judgment of the Appellate Court is reversed, and the cause remanded.

*Judgment reversed.*

SCHOLFIELD, Ch. J., and DICKEY and MULKEY, JJ., dissenting.