Nash v. Cooney.

---

### George K. Nash v. Julia M. Cooney.

1. PLEADING—*Nature of the General Issue.*—Where the general issue is pleaded it is a denial of all the plaintiff's case, and requires the plaintiff to prove his case by a preponderance of the evidence.

Assumpsit.—Appeal from the Superior Court of Cook County; the Hon. JOSEPH E. GARY, Judge presiding. Heard in this court at the October term, 1902. Reversed and remanded. Opinion filed May 28, 1903.

C. E. & G. D. ANTHONY, attorneys for appellant.

McCLELLAN & SPENCER, attorneys for appellee.

MR. JUSTICE WINDES delivered the opinion of the court.

Appellee brought suit against appellant upon a joint and several note made by him, a corporation, and several other

persons, dated December 5, 1892, for the sum of $3,000, payable to her order in four months after date, with interest, and recovered a judgment of $4,927.33, from which this appeal is taken.    A trial was had upon two special counts, to which was pleaded the general issue.    The evidence was highly conflicting, that on behalf of appellant tending strongly to show that the note in question had been paid in December, 1892, while that on behalf of appellee was to the effect that no such payment had been made.    It is unnecessary to state the details of the evidence; suffice it to say, had the verdict been for the appellant instead of the appellee, it could not be said that it had not such support in the record that a reviewing court could not properly interfere with it.    Such being the state of the record, it was important that the jury should have been fully and fairly instructed.

Among other instructions asked by the appellant, but refused by the court, was the following:

"(4)   The court instructs the jury, as a matter of law, that the burden of proof is upon the plaintiff, and it is for her to prove her case by preponderance of evidence.    If the jury find that the evidence bearing upon the plaintiff's case is evenly balanced, or that it preponderates in favor of the defendant, then the plaintiff can not recover, and the jury should find for the defendant."

We are of opinion that the learned trial judge erred in refusing this instruction.    No other instruction in the case covers the point of this instruction, viz., that the burden of proof was upon the plaintiff, and it was for her to prove her case by a preponderance of the evidence.    As has been stated, the plea was the general issue, which is a denial of all the plaintiff's case, and required the plaintiff to prove her case by a preponderance of the evidence, and in this regard the burden was clearly upon the plaintiff.    Tedens v. Schumers, 112 Ill. 263; Ry. Co. v. Louis, 138 Ill. 11; Field v. French, 80 Ill. App. 79–93, and cases cited.

In the Tedens case, where there was under consideration the question of the payment of a due bill in the hands of a maker, the court, in speaking on this question, say:

Nash v. Cooney.

"There is no proposition of law that is more elementary, better recognized, and more uniformly applied than that a plaintiff can never recover unless a preponderance of the evidence establishes the liability of the defendant. The rule is one of the maxims of the law. We are not aware that it has ever been questioned, doubted, limited or qualified. It lies at the very foundation of justice and is indispensable to its attainment."

In the Field case, *supra*, this court said:

"The general rule is that when the plaintiff makes affirmative allegations, as in this case, of negligence of the defendants, and the defendants plead the general issue, the burden is on the plaintiff all through the case to establish his case."

In 1 Jones on Evidence, Sec. 175, the author says:

"The burden of maintaining the affirmative of the issue involved in the action is upon the party alleging the fact which constitutes the issue; and this burden remains throughout the trial. * * * In those cases, where the answer is a mere general denial and the defendant only assumes to rebut the plaintiff's proof, it may be properly said that the burden of proof is upon the plaintiff throughout."

Had the defendant not pleaded the general issue in this case a different question would be presented.

Other questions are made and elaborately argued as to rulings of the court upon other instructions given and refused, upon the admission and exclusion of evidence; all of which we have carefully considered, but find no cause for reversal in any of such rulings, though we think it not improper to say in passing that the first instruction, the only one given on behalf of the plaintiff, is somewhat complicated and might be improved upon.

A point is made with regard to the refusal of the court to permit appellant to show a former adjudication in an action upon this same note against one of the makers, The American Installment Co. Whatever may be the merits of appellant's contention in this regard, we think the question argued is not properly before this court. The evidence offered was as to an alleged former adjudication since the commencement of this suit, but no plea was

before the court to justify the admission of such evidence. It is true appellant asked to file a plea, but the court refused such leave, and no exception was preserved to the court's ruling in that regard.

It is not without regret that we feel bound to reverse this judgment, but in view of the sharp conflict in the evidence and under the pleadings, there seems no escape from a holding that it was reversible error to refuse said fourth instruction. The judgment is therefore reversed and the cause remanded.