**A. T. Short, Appellant, v. O. F. Weisenborn, Appellee.**

Gen. No. 6,021.

1. PAYMENT, § 6*—*when acceptance of obligation of third person constitutes payment.* The receipt of an acceptance or note of a third person is ordinarily presumed to be a conditional rather than an absolute payment of an existing debt.

2. PAYMENT, § 6*—*when acceptance of obligation of third person presumed not intended as payment.* The mere acceptance by a creditor of the obligation of a third person makes it collateral security only; and it will be presumed that the parties did not intend it to operate as an immediate, absolute discharge of the original debt, unless accepted with an actual agreement to that effect or under circumstances from which arises a positive inference of a discharge.

3. NOVATION, § 1*—*what constitutes a novation.* A novation takes place where the maker of a note gave the payee an order on a third person for its payment from money due the maker, which was accepted by the third person, and the note was surrendered by the payee to the maker.

4. PAYMENT, § 6*—*when acceptance of order on third person constitutes payment of note.* An order on a third person given by the maker of a note for the amount thereof, and its acceptance by the payee, who thereupon surrendered the note to the maker, *held* a satisfaction of the original indebtedness.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Appeal from the Circuit Court of Peoria county; the Hon. JOHN M. NIEHAUS, Judge, presiding. Heard in this court at the October term, 1914. Affirmed. Opinion filed March 9, 1915.

WOLFENBARGER & MAY, for appellant.

CLARENCE W. HEYL, for appellee.

MR. PRESIDING JUSTICE CARNES delivered the opinion of the court.

Appellant, A. T. Short, sued appellee, O. F. Weisenborn, in assumpsit and filed a declaration consisting of two special counts and the common counts. The court sustained a general demurrer to the declaration and entered judgment in bar against the plaintiff, from which judgment this appeal is taken, and only the question whether either of the special counts states a cause of action is argued. Appellant says that the case was presented to the court below on that question only, that it is the only real issue in the case, and he asks us to decide it disregarding the fact that the common counts were a part of the declaration. Appellee presents his argument on the same assumption, and while the demurrer was both general and special, we will consider only whether either special count was good on general demurrer.

The first special count alleges that the defendant was on November 7, 1911, indebted to the plaintiff in the sum of $717 on account of a certain promissory note on which there was then a suit pending; that defendant then gave plaintiff as conditional payment of and as collateral security for the payment of said indebtedness an order upon the American Land Securities Company, which order is set out *in haec verba* as follows:

"PEORIA, ILL., November 7, 1911.

Whereas, O. F. Weisenborn is indebted to A. T. Short, in the sum of Seven Hundred Seventeen ($717.00) dollars, on account of a certain promissory

note on which suit is now pending against the said O. F. Weisenborn in the Circuit Court of Peoria County, Illinois, and whereas the American Land Securities Co., a corporation of Carrington, North Dakota, is indebted to Wiesenborn Land & Loan Co., or will be indebted to the said Weisenborn Land & Loan Co. on account of commissions on land trade of Seven Hundred Seventy-five (775) acres of land, known as the Linder deal, which is to be paid when the Grand Forks County, North Dakota, land taken in on the said deal, is sold, and that the amount then to be paid to or to be due to the Weisenborn Land & Loan Co. when said land is sold is a greater sum than that owing by O. F. Weisenborn to A. T. Short, and the said O. F. Weisenborn is desirous of settling said suit and demand without further proceedings.

"Now therefore in consideration of the dismissal of said suit and the surrender of said promissory note by the said A. T. Short, the said O. F. Weisenborn and the Weisenborn Land & Loan Co. hereby sells, assigns, and sets over to the said A. T. Short the sum of Seven Hundred Seventeen ($717.00) Dollars, the same to be paid by the said American Land Securities Co. out of any money due or to become due to the said O. F. Weisenborn or to the Weisenborn Land & Loan Co. on account of the above transaction or otherwise, and the said suit to be dismissed and the said note to be surrendered when this order and assignment is duly accepted by the proper officer of the American Land Securities Co.

     WEISENBORN LAND & LOAN CO. (SEAL)
  By O. F. WEISENBORN, President.
    O. F. WEISENBORN (SEAL)
The above and foregoing order is hereby accepted this, the 20th day of November, A. D. 1911.
     AMERICAN LAND SECURITIES CO.
     By A. E. SWANSON, Its President."
AMERICAN LAND SECURITIES CO.
  Corporate Seal.
Carrington, N. D.
  Further avers that plaintiff accepted that order as

collateral or additional security for the payment of the said debt due from the defendant, and upon condition that the said sum of money in said order specified should be paid; that said company has not paid the said order and plaintiff is unable to collect from it the amount due thereon; that he has obtained judgment against it for said amount, and an execution issued thereon has been returned: The defendant not found and no part satisfied; that the defendant has not paid the said sum of money so due from him to the plaintiff, etc.

The second count is as follows:

"And for that whereas the defendant, O. F. Weisenborn, was indebted to the plaintiff on towit, November 7, 1911, in the sum of towit, $717.00 and interest and being so indebted on towit said date promised to pay the same, and on said date executed and delivered to the plaintiff an order for the said sum of money according to the tenor and effect of the said order, which said order is set out in the first count of the declaration herein. By means whereof the said defendant then and there became liable to pay the said sum of money according to the tenor and effect of the said order; yet, although the time of payment in said order specified has long since elapsed defendant has not paid the same nor any part thereof nor the interest thereon, nor has the acceptor of the said order paid the said sum of money in said order specified or any part thereof, though both the defendant and the said acceptor have often thereto been requested but have refused and still refuse so to do, to the damage of the plaintiff of $1,000.00, and therefore plaintiff sues, etc."

The theory of the first count seems to be that the original debt was never released and that defendant is still liable to the plaintiff for its payment; and of the second count that the writing pleaded is an acknowledgment of a debt from the defendant to the plaintiff, upon which an action will lie. The question is whether on the face of the writing itself there is shown a novation which is defined in 22 Cyc. 1130 as: "The substitution by mutual agreement of one

debtor or of one creditor for another whereby the old debt is extinguished, or the substitution of a new debt or obligation for an existing one, which is thereby extinguished. It is a mode of extinguishing one obligation by another—the substitution, not of a new paper or note, but of a new obligation in lieu of an old one—the effect of which is to pay, dissolve, or otherwise discharge it.''

Appellant says: ''No question of pleading can properly or in good faith be raised in this case. The instrument in question is before the court by appropriate and apt allegations.    *    *    *    There is nothing in the said order which indicates that there was no continuing liability of the debtor    *    *    *    or which indicates that the acceptor of said order was received by appellant as his debtor in lieu of the maker of the said order    *    *    *    or that it was received as a substitute of the original obligation.'' Appellee construes the written order otherwise.

We think it is true, as claimed by appellant, that the receipt of an acceptance or note of a third person is ordinarily presumed to be a conditional rather than an absolute payment. *Cheltenham Stone & Gravel Co. v. Gates Iron Works,* 124 Ill. 623. It is said in that case that it is a mere presumption of the supposed intention of the parties and is open to explanation and rebutter, by establishing, by proper proof, what the real intention of the parties was and that ''this may be established, not only by express words, but by reasonable implication from the attendant circumstances.'' Appellant states the proposition in another way correctly, i. e: The mere acceptance by a creditor of the obligation of a  third person makes it but collateral security, and the presumption is that it was not the intention of the parties that it should operate as an immediate and absolute discharge of the debt, and that nothing short of an actual agreement or evidence from which a positive inference of discharge can be made will suffice to produce such effect. It is however true

that the agreement to discharge the existing debt need not be in express words, 29 Cyc. 1132. It may be either express or implied. *Walker v. Wood,* 170 Ill. 463.

If nothing further appeared than that appellee was indebted to appellant and gave him the acceptance of a third person, there would be no question that the original indebtedness was not novated, settled, satisfied or paid, and that an action could be brought thereon; and if the acceptance was in fact given and received in satisfaction and discharge of the original debt, the defendant could set up facts so showing, and if they were denied there would be an issue for a jury; but if there is no dispute about the facts it is a question of law for the court. 29 Cyc. 1140.

The question is whether the writing pleaded affirmatively shows that the acceptance was given and received as a discharge of the original debt. We are of the opinion that it does show that fact. It recites that appellee "is desirous of *settling* said suit and *demand* without further proceedings," which shows his purpose to settle the original indebtedness, and appellant in joining in the instrument must be taken as understanding and acquiescing in the purpose for which it was made. A part of the consideration for the assignment of the account was the surrender by appellant to appellee of the note evidencing the indebtedness. While it is true, as appellant argues, that the note was only evidence of the debt, and that it might under conceivable circumstances be surrendered and the debt which it evidenced still exists, yet the fact of the surrender or cancellation of a note is of much significance in determining whether the debt is satisfied, because, perhaps, of the usual and almost invariable habit and custom of people to carefully retain possession of promissory notes until they regard the debt discharged. We therefore find the general rule that possession by the debtor of a writing providing for the payment of money raises a presumption of

payment. 30 Cyc. 1268; *Tedens v. Schumers,* 112 Ill. 263. It is so inconsistent with the practice of men, accustomed or unaccustomed to business, that collateral security to a promissory note should be taken and the note surrendered to the debtor, that we are of the opinion that such fact together with the other facts recited in the writing pleaded shows a novation. No other facts affecting the question are pleaded. The allegation in the counts that the order was given by the defendant as conditional payment and as collateral security and so taken by the plaintiff are but conclusions of the pleader, leaving the question to be decided, as it is argued, on the facts shown by the written order.

We conclude the court did not err in sustaining the demurrer to the declaration, except that the common counts were a part thereof; and that the parties to the case have here waived the error so far as it arises from a failure to observe that the common counts were a part of the declaration. The judgment is therefore affirmed.

*Affirmed.*