In order to prove that the deed to Waldron was fraudulent and without consideration, Waldron was offered as a witness. His competency was questioned on the ground of the case of Walton and *488 Shelly, in which it had been held that no party to a security should oe permitted by his testimony to invalidate it.
But the Court overruled the objection on the ground that of late years objections to the competency of witnesses had been much narrowed ; and courts of law had been disposed to admit witnesses to be heard, leaving all the objections to be applied to their credibility ; that the common law principle never went further than to exclude a witness from testifying to invalidate a security, to which he had given a credit by his signature; that the late cases were confined to parties on negotiable paper, who had by their own acts given them a credit and currency ; but in the present case no such reason existed. Waldron was simply the grantee. It might be that he did not even know of the conveyance, or, if he did, h® might be unwilling to countenance it; the witness was accordingly admitted.
The defendants then produced an assignment of a small mortgage, which they had purchased in to protect themselves; and the Court thereupon advised to a nonsuit, observing that ejectment would not lie against a mortgagee in possession, nor even if the money was tendered ; the only remedy to recover possession in such cases being by petition in equity (1).

Plaintiff nonsuit.

 [Parsons vs. Welles, 17 Mass. 419.—Perkins & Al. vs. Pitts, 11 Mass. 134.— Pomeroy vs. Winship, 12 Mass. 514.—Vide Vose vs. Handy, 2 Greenl. 322.—Gray vs. Jenks, 3 Mason 580.—Ed.]