## LEVIN T. PALMER *et al.*

*v.*

## THE BOARD OF SUPERVISORS OF VERMILION COUNTY *et al.*

1. DISSOLUTION OF INJUNCTION—*assessment of damages under the law of* 1861. Where, upon bill filed for an injunction, a temporary restraining order is granted until a formal application for an injunction can be made, and on such formal application being made the injunction is denied, there can be no assessment of damages under the law of 1861, the restraining order not requiring the action of a court to dissolve it.

Appeal from the Circuit Court of Vermilion county; the Hon. James Steele, Judge, presiding.

This was a petition filed by tax payers and residents of the town of Danville, in Vermilion county, to restrain the Board of Supervisors of Vermilion county from levying a tax for the construction of a bridge over the north fork of Vermilion river, and the commissioners of highways of the town of Danville, from letting the contract for the same, alleging in their petition that the erection and construction of said bridge at the place intended, was of but little and partial benefit to the people, and that the expense of building would add to and greatly increase the burden of taxation imposed upon the inhabitants and property of said town, and praying that a temporary injunction be issued, to operate until a hearing of the motion for said restraining order could be heard. On this petition the following order was indorsed:

"Let a temporary injunction issue in this case, restraining said defendants, as prayed for, until the application can be heard by me, on the eleventh day of the present month, after the defendants shall have been notified of the intention of complainants to apply for such injunction—complainants to give bond, &c., 2d June, 1866.

O. L. DAVIS,

*Judge 27th Circuit.*"

On the hearing, the application for injunction was denied. The only question presented to this court upon this record, is as to the assessment of damages under the law of 1861.

Mr. E. S. Terry, for the appellants.

Messrs. Haines & Story, for the appellees.

Mr. Chief Justice Breese delivered the opinion of the Court:

As the main purpose of the bill filed in this cause has been effected by the decision of this court, in the case of *The People*

*ex relatione Stine* v. *The Board of Supervisors of Vermilion County*, decided at this term,[*] the mandamus to compel them to levy a tax to build the bridge in question being refused, we suppose the only question upon which the parties desire a decision on this bill, is in regard to the damages.

The bill was filed by Levin T. Palmer, and other residents and tax payers of the town of Danville, and owners of real and personal property in that town, subject to taxation, to enjoin the board of supervisors from levying a tax for the construction of a bridge over the Vermilion river, and to enjoin the highway commissioners of that town from letting out the contract for constructing the same, and if let, to restrain the contractor from constructing it. The bill prayed a temporary injunction only, to operate until a hearing of the motion for the restraining order could be had. On this bill, the circuit judge entered this order: "Let a temporary injunction issue in this case, restraining said defendants, as prayed for, until the application can be heard by me on the eleventh day of the present month, after the defendants shall have been notified of the intention of complainants to apply for such injunction, complainants to give bond, etc. 2d June, 1866."

On the 11th of June a formal application for an injunction was made, after notice to the defendants, and on the 12th, the judge at chambers ordered that the temporary injunction be dissolved, and denied the injunction prayed for, and that complainants pay the costs. At the same time, the defendants moved the court to assess the damages sustained by them by reason of the injunction, which motion was continued to the next term of court.

On the 20th September, 1866, defendants filed their suggestion of damages, which was in the employment of counsel to defend the suit, and the court assessed to the commissioners

[*] To be reported in 47th Illinois.

57—46TH ILL.

of highways the sum of two hundred dollars for damages by them sustained, and that they have execution therefor.

It is to reverse this order this appeal is brought.

This does not seem to be a case for damages, as contemplated in the act of 1861, in relation to damages in cases of injunction. No injunction was granted, in the first instance, which required the action of the court to dissolve. The restraining order expired by its own limitation in nine days, and then the formal application for an injunction was denied. If the first order was an injunction, the judge could make no order dissolving it in vacation.

We can see no ground for allowing the damages, as no litigation was provoked by the first order, and the employment of counsel was wholly unnecessary.

The decree allowing damages is reversed.

*Decree reversed.*