RANSOM HILLS *vs.* SAMUEL HALLIWELL AND OTHERS.

Where a claim secured by a builders' lien has become barred by the statute of limitations, the lien can not be enforced against the property.

SUIT to foreclose a builders' lien; brought to the Superior Court, and heard before *Beardsley, J.* Facts found, and judgment rendered for the defendants, and motion in error by the plaintiff. The case is fully stated in the opinion.

*W. C. Case*, for the plaintiff.

*J. W. Alling*, for the defendants.

PARDEE, J. In January, 1873, the plaintiff began, and in January, 1875, ceased to furnish materials for and perform labor upon a house for the defendant Halliwell; and in February, 1875, recorded a lien for the value thereof in the records of the town in which the house stood. No part of his claim having been paid, in May, 1881, he asked for a foreclosure. The defendant answered that the plaintiff's claim was barred by the statute of limitations, and that the lien expired with the claim. The court dismissed the complaint, and the plaintiff filed a motion in error.

Upon the lapse of six years the plaintiff's claim was barred; he could not enforce it in any court legal or equitable. The statute gave to his statement, verified by his oath and recorded upon the town records, the effect of a lien in his behalf upon the premises to which he had applied his labor and material; and this security he could obtain not only without action on the part of the owner, but even against his protest; and at any time before the suspension of his remedy upon his claim he could make the security available. But it is quite possible to the legislature to protect a debt during, without prolonging, the period of limitation; to hold the debtor's land within reach of the creditor during six years without vesting the latter with rights therein or thereto of longer duration; and this, so far as the language of the statute is concerned, is the full measure of benefit which it confers. It neither directly extends the time within which the creditor may enforce his remedy, nor gives him any additional right or cause of action having longer life.

The statute provides that the "premises may be foreclosed * * in the same manner as if held by mortgage." Thus the outcome of liens and mortgages alike may be that land pays debts. But because of the fact that liens and mortgages may each be enforced through a court of equity we

are not to say that this plaintiff has all the rights of a. mortgagee; we are not to enlarge the statute or confer upon him a new right of action by construction.   By recording the statement of his claim the plaintiff acquired no present title to the land, no right to possession, and of course no right to an action for the recovery of possession; no right, in short, for the enforcement of which he could have any standing place in a court either of law or equity after the expiration of six years, and although the complaint is by statutory permission addressed to the equitable side of the court, it remains in fact and effect a proceeding for the collection of a debt after the creditor has allowed time to suspend his remedy.   There is strictly speaking no neces- sity for equitable interference; no fraud to be relieved against; no right lost by mistake to be recovered; only a case of unexplained omission to enforce a legal right by legal process.   And, when the demand is strictly of a legal nature, a court of equity in determining the question whether or not it will hear the complaint, imposes upon itself the same limitations as to time as are in like cases imposed by statute upon courts of law.

There is no error in the judgment complained of.

In this opinion the other judges concurred.