JAMES OSBORNE, TRUSTEE IN INSOLVENCY, *vs.* JANE L.
TAYLOR.

New Haven and Fairfield Cos., Oct. T., 1890. ANDREWS, C. J., CARPEN-
TER, LOOMIS, SEYMOUR and TORRANCE, Js.

*A* owned three tracts of land and mortgaged two of them to *B*, and subject
to this mortgage the same two tracts and the third to *C*. Still later he
mortgaged the three tracts to *B*, the first mortgagee. Afterwards *B*
foreclosed the first and third mortgages as against *A*, not making *C* a
party, and obtained an absolute title as against *A*. *B* conveyed all
title to and interest in the three tracts to *D*, by quit-claim deed. The
trustee in insolvency of *C* then brought a suit against *D* for a fore-
closure of the mortgage to *C*, being the second mortgage in the above
statement. Held that he could not foreclose the second mortgage as
against *D*, without redeeming the first mortgage.

*B's* foreclosure of *A* in that mortgage extinguished the mortgage lien as
against him and vested an absolute title in *B;* but as against *C*, who
was not made a party to *B's* foreclosure, the mortgage debt remained
a lien on the land.

As *B* conveyed to *D* the entire interest acquired by the mortgages and fore-
closure, *D* took the same right in the land that *B* had, which was an
absolute title as against *A* and a mortgage title as against *C*.

[Argued November 7th, 1890—decided January 19th, 1891.]

SUIT for foreclosure; brought to the Court of Common
Pleas of Fairfield County, and heard before *Perry, J.*
Facts found and decree of foreclosure passed, and appeal by
the defendant. The case is fully stated in the opinion.

*L. Warner*, for the appellant.

There is error in the decree of the court in allowing the
plaintiff a foreclosure without requiring him to pay the
amount due on the foreclosure of the first mortgage from
Munson Taylor to Jane Taylor. The record shows that when
Jane Taylor foreclosed her mortgage on this property there
was due her $454.55. This mortgage was given to secure
the payment to her of the sum of $181.80 each year during
her life, and she died August 25th, 1886. Between the date
of the foreclosure and her decease there became due from
the mortgagor, on this first mortgage, the further sum of
$1,272.60, and neither of said sums has been paid unless the

foreclosure paid them. We claim that the foreclosure was not payment as to these second mortgagees. *Baldwin* v. *Norton*, 2 Conn., 161; *Lockwood* v. *Sturdevant*, 6 id., 388. The mortgage not being foreclosed as against these mortgagees, remained a mortgage as to them, entirely unaffected by the fact that it had been foreclosed as against Munson Taylor. And Jane L. Taylor, the defendant, acquired by the conveyance of Jane Taylor all her rights, both as absolute owner as against Munson, and as first mortgagee as against these second mortgagees.

*J. B. Hurlbutt* and *A. T. Bates*, for the appellee.

The quit-claim deed of Jane Taylor to the appellant did not, as matter of law, and did not in fact, convey the mortgage debt which the releasor once owned. *Bulkley* v. *Chapman*, 9 Conn., 8; *Chestnut Hill Reservoir Co.* v. *Chase*, 14 id., 131; *Dudley* v. *Cadwell*, 19 id., 227; *Farrell* v. *Lewis*, 56 id., 280. By the decree of foreclosure and the taking of possession of the real estate under it, the mortgage debt was thereby satisfied and cancelled, especially as it is not found that the real estate was of less value than the amount then found due. *Derby Bank* v. *Landon*, 3 Conn., 63; *Swift* v. *Edson*, 5 id., 535; *Bassett* v. *Mason*, 18 id., 136; *Gregory* v. *Savage*, 32 id., 263. The decree of foreclosure united the legal and equitable estates in Jane Taylor and effected a merger, and thereby the debt secured by the mortgage was extinguished. *Bassett* v. *Mason, supra; Gregory* v. *Savage, supra*.

TORRANCE, J. On the 10th of June, 1872, Munson Taylor was the owner of three separate tracts of land in Redding. On that day he entered into an obligation in writing, with his mother, Jane Taylor, now deceased, to pay her yearly a certain sum of money during her life, and, to secure the performance thereof, mortgaged to her two of these tracts of land. Subsequently on the same day he mortgaged the same two tracts of land, subject to his mother's mortgage, and the third tract, which was not subject to her mortgage,

to his five brothers and sisters, to secure notes which he owed them, payable at the death of his mother.

In 1876 he mortgaged to his mother, subject to the aforesaid mortgages, the three tracts of land to secure another debt due from him to her. These mortgages will hereafter be referred to as the first, second and third mortgages respectively. In 1878 Jane Taylor foreclosed both of her mortgages as against Munson Taylor, without making the owners of the second mortgage parties to the suit. The decree became absolute on the first Tuesday of February, 1879, at which time Jane Taylor, under the decrees, entered into possession of the three tracts of land.

In January, 1880, she made an arrangement with Jane L. Taylor, her daughter-in-law, by which the latter became obligated to pay Jane Taylor, yearly, during the life of the latter, one hundred and fifty dollars, and as a consideration therefor Jane Taylor conveyed by deed to Jane L. Taylor all the right, title and interest which she had in the three tracts of land.

Jane Taylor died in August, 1886. The present suit was brought by James Osborne, trustee in insolvency of Henry Taylor, one of the mortgagees in and under the second mortgage. On the trial the defendant, Jane L. Taylor, among other things claimed that the plaintiff was not entitled to a decree of foreclosure against her of the second mortgage, without at the same time paying to her the amount due upon the first mortgage.

The original plaintiff stated to the court that if it should find that the first mortgage had not been assigned to Jane L. Taylor, then the plaintiff withdrew his claim and offer to redeem and pay the first mortgage, which he had made in his complaint, and in that event claimed the right to foreclose the second mortgage without paying the first.

The court in effect overruled the claim of Jane L. Taylor, and decreed the foreclosure of the second mortgage as against her in favor of the owners of the second mortgage, without requiring them to pay the first mortgage. In so doing we think the court erred.

So far as we can see from the record, the action of the court below appears to have been based upon the supposition, either that the first mortgage had, to all intents and pur poses, ceased to exist, or that, if it existed, it was not transferred to Jane L. Taylor. As applicable to the facts in this case neither supposition is well founded.

For the purposes of the argument we concede that when Jane Taylor foreclosed the first mortgage and took possession of the land, the debt as between herself and Munson Taylor was paid and the mortgage no longer existed. But as between the mother and the owners of the second mortgage, this was not so. As between them the first mortgage and the debt secured thereby, in effect, continued to exist.

If Munson Taylor had in fact paid the first mortgage debt, then the debt and the mortgage would no longer have existed for any purpose, and the second mortgage would by such payment have become a first mortgage. But the actual transaction between Munson Taylor and his mother had no such effect as between the mother and the owners of the second mortgage. Notwithstanding that transaction, the rights of the mother and the owners of the second mortgage, as between themselves, in relation to the land mortgaged to both, remained essentially unchanged. After the foreclosure the second mortgagees still had the right to redeem the first mortgage, and as against them all the rights of the mother under the first mortgage remained as if no foreclosure had taken place. *Baldwin* v. *Norton*, 2 Conn., 161; *Lockwood* v. *Sturdevant*, 6 Conn., 388.

If then the complaint in the case at bar had been brought against Jane Taylor, we think the plaintiffs would not be entitled to a decree of foreclosure against her on the second mortgage without paying the first mortgage debt. We also think that the defendant, Jane L. Taylor, in the case at bar, stands as to these plaintiffs in the position of Jane Taylor. She, by the quit-claim deed from her mother-in-law, acquired, for a valuable consideration, all the right, title and interest which the latter had in this land at the time of the conveyance.

That this was the intent of the parties to that transaction is, we think, clear from the facts found, and the court expressly finds that the mother did not intend to retain any interest in the land. But independently of any intent, the deed itself in express terms conveys to the daughter-in-law, absolutely and without qualification, all the right, title and interest which the mother then had in the land; and this alone and of itself placed Jane L. Taylor, with reference to this land and these second mortgagees, in the precise position occupied by Jane Taylor before the conveyance.

In this view of the case it is of no consequence that the court has found that both the mother and daughter-in-law supposed that the first mortgage no longer existed, and that neither of them expected that the obligation secured thereby was to be transferred to Jane L. Taylor. Under the circumstances such a supposition would be quite natural; but it could in no way alter or affect the rights which the mother in fact had in this land under the foreclosure, nor those which were conveyed by and acquired under the deed from her to her daughter-in-law. The fact that the mortgage or the mortgage debt were not in terms transferred, is of no consequence, for the transfer of all the rights of the mother to the land under the circumstances of this case, in equity placed Jane L. Taylor in the position previously occupied by Jane Taylor, and this is sufficient.

The cases wherein this court has held that a mere quitclaim deed from a mortgagee does not necessarily carry with it the mortgage debt, have no application to a case like the one at bar.

As against the plaintiffs, owners of the second mortgage, and seeking to foreclose it against Jane L. Taylor, she is the holder of the first mortgage, and entitled to be paid whatever the court shall, under all the circumstances, find to be justly due thereon.

There is error in the judgment of the court below, and a new trial is granted.

In this opinion the other judges concurred.