CHRISTOPHER F. DOWNEY *vs.* NELLIE D. MORIARTY, ADMINISTRATRIX, ET ALS.

Third Judicial District, Bridgeport, October Term, 1908.
BALDWIN, C. J., HALL, PRENTICE, THAYER and RORABACK, Js.

An heir at law of his mother, who was in turn an heir of her intestate brother, mortgaged his interest, present and prospective, in five parcels of land left by the latter, but before any distribution of his said uncle's estate had been made. Subsequently two of the parcels were distributed to the intestate estate of his mother, and three to another heir. *Held* that the distribution related back to the date of the mother's death, and confirmed the proprietary interest of the mortgagor, as an heir, in two of the five parcels mortgaged, subject, however, to any disposition of them which might be legally made in the settlement of her estate; and that it also destroyed his interest in the three others.

The foreclosure of the heirs and estate of a mortgagor who had nothing to convey and who did not warrant his title, is harmless.

Downey *v.* Moriarty.

The right to foreclose a mortgage is not barred by a failure to pay interest on the note, unless such failure is continued for a period of at least fifteen years.

Costs are not thrown on the defendants by a decree of foreclosure, unless they elect to redeem, in which case their imposition is but a reasonable condition to the exercise of that right.

This court is not bound to consider an unwarranted conclusion of the trial court, unless assigned by the appellant as a reason of appeal.

Possession of real estate is presumed to follow the title in the absence of any proof to the contrary.

Under General Statutes, § 362, an administrator may hold possession of real estate as a cotenant, for the benefit of creditors and heirs.

No assignment of error can present for review a matter which is not in issue or settled by the judgment; nor can such a question be a proper subject of adjudication, unless the persons to be affected thereby are parties to the suit.

This court will permit an inadvertent misstatement of the trial judge in the finding of facts to be corrected pursuant to a written stipulation filed herein by all parties to the record.  See note, p. 444.

Argued November 10th—decided December 18th, 1908.

ACTION to foreclose a mortgage of real estate, brought to and tried by the Superior Court in New Haven County, *Shumway, J.;* judgment for plaintiff.  *No error.*

*Finton E. Phelan* and *John O'Neill,* for the appellants (defendants).

*Edward F. Cole,* for the appellee (plaintiff).

BALDWIN, C. J.  Bridget Donahue, wife of Michael Donahue, died intestate January 6th, 1892.  She was one of three heirs of Patrick Coyle, who had died intestate in 1890, owning five parcels of land in Waterbury.  On February 5th, 1892, Thomas Donahue, one of her five children and heirs, mortgaged all the right, title and interest which he then had or ought to have, or thereafter might have, in or to these lands, to the plaintiff, to secure his note of that date for $2,000, payable on demand with interest.  It is not found that the deed contained any covenants of title or warranty.  During the following month two of these parcels

were distributed to the estate of Bridget Donahue,* and the others to another of the heirs of Coyle. Michael Donahue thereupon took possession of the two parcels set to his wife's estate, as tenant by the curtesy, and held it until his death on February 5th, 1906, a few days after which administration was first taken out on her estate. In July, 1892, Thomas Donahue died, intestate, and one of the defendants was appointed administratrix of his estate. Pending the present action, which was brought in January, 1907, the administratrix of the estate of Bridget Donahue sold the two parcels set to this estate to one Elbin, who thereupon went into and now holds possession.

The only defendants are the six children and sole heirs of Thomas Donahue and the administratrix of his estate.

When Thomas Donahue gave the mortgage, he had an interest as an heir of Bridget Donahue, who was an heir of Patrick Coyle, in each of the five parcels which it purported to convey. The distribution of two of them to her estate related back to the date of her decease. *Ward* v. *Ives*, 75 Conn. 598, 601, 54 Atl. 730. It confirmed his interest as an heir in two of the parcels mortgaged, subject to any disposition of them which might be legally made in the settlement of her estate, should administration thereon be subsequently granted. It also destroyed his interest in the three others. When this action was commenced, administration on Bridget Donahue's estate had been taken out, but nothing had been done in the settlement either of her or of Thomas Donahue's estate to extinguish or change the nature of the interest in any land covered by the mortgage, to which his heirs succeeded upon his death.

The judgment-file contains a statement that at its date

---

* The record as certified to this court contained, in the finding of facts, the statement that this distribution was made to Bridget Donahue. The attention of counsel on both sides being called to this, during the argument, they filed in this court a stipulation that it was an inadvertent mistake of the trial judge, and that the finding should be treated as if it read as stated above in the opinion.

$3,940 was due from the defendants on the mortgage debt, and that is the sum which they are required to pay in order to redeem. It is apparent from this that no interest was ever paid on the mortgage note. A little less than fifteen years elapsed between its date and the institution of this action. Notwithstanding the fact that this might defeat an action on the note, by virtue of the statute of limitations, it could not avail to bar a foreclosure. *Belknap* v. *Gleason*, 11 Conn. 160.

It follows that, as against the defendants, there was no error in granting such relief to the plaintiff. His mortgage, after the distribution to the estate of Bridget Donahue, was a conveyance of a proprietary interest in two of the parcels described in it, and it purported to convey such an interest in all five. As to the two a foreclosure properly followed a default. As to the three others, a dilemma may be stated. If the mortgagor had any interest in them, he conveyed the legal title to it, and on failure to fulfil the condition, it was proper that any equity to redeem it on the part of his heirs or estate should be foreclosed. If, on the other hand, he had no interest in them to convey, the foreclosure granted cannot harm his heirs or estate.

It is insisted that the costs of the action were thrown upon the defendants by the judgment appealed from. This is not so, unless they elect to redeem, and would then be a reasonable condition of permitting the redemption.

The finding that $3,940 is due from the defendants seems unwarranted by the facts stated as leading to that conclusion. There has been, however, no claim by the appellants of error on that account.

The judgment-file finds all the allegations in the complaint true. One of these is that the defendants are in possession of the mortgaged premises. No finding was made with respect to certain matters of confession and avoidance set up in the answer. These were the grant of administration in 1906 on Bridget Donahue's estate, and

the sale by her administratrix pending the action. No reply having been filed, the truth of these averments was admitted. The judgment is both for a foreclosure and that, if there be no redemption by the day set, the defendants deliver possession of the mortgaged premises to the plaintiff. It is assigned for error that the facts specially found do not justify the conclusion that the defendants or any of them were in possession.

As respects the two parcels set to Bridget Donahue, Thomas Donahue had a vested, though defeasible, interest at the time of his decease, which upon that event passed to the defendants. Possession is presumed prima facie to follow the title. *Noyes* v. *Stillman*, 24 Conn. 15, 21. There is nothing to rebut this presumption, which, under the circumstances of this cause, would be that the administratrix of his estate was in possession as a cotenant for the benefit of creditors and heirs. General Statutes, § 362. The answer does not state that Elbin ever had possession.

It is assigned for error, that under the judgment the plaintiff will have a lien either on the parcels sold to Elbin or on the proceeds of the sale. No issue as to that is raised by the pleadings, or settled by the judgment. Nor could it have been a proper subject of adjudication in an action to which neither Elbin nor his grantor was a party.

There is no error.

In this opinion the other judges concurred.