JOHN A. WILL, Administrator, v. MARY E. BROOKHART ET AL., Appellees.

Mortgages: FORECLOSURE: EFFECT OF ILLEGAL AGREEMENT. The release and satisfaction of a mortgage is *prima facie* evidence of payment, to overcome which the mortgagee, in an action to foreclose the same after its release, must plead and prove the cir-

cumstances under which the same was satisfied. And where the mortgage, as in this case, was canceled of record solely for the illegal purpose of avoiding taxation the mortgagee could not maintain an action to foreclose the same, because he would be required to base his right upon an illegal act.

*Appeal from Muscatine District Court.*—HON. D. V. JACKSON, Judge.

MONDAY, NOVEMBER 21, 1910.

ACTION in equity to foreclose a real estate mortgage. There was a demurrer to the petition, which was sustained, and the plaintiff appeals from a judgment rendered thereon. —*Affirmed.*

*E. M. Warner* and *E. F. Richman,* for appellant.

*H. C. Madden* and *J. R. Hanley,* for appellee.

SHERWIN, J.—The plaintiff is the administrator of the estate of James Thomas, deceased. The defendant Mary E. Brookhart is a daughter of said James Thomas, the widow of Charles A. Brookhart, deceased, and the mother of her codefendants. James Thomas was, in his lifetime, the owner of certain real property that he conveyed to Charles A. and Mary E. Brookhart, his daughter and her husband. He took from said grantees notes covering the purchase price of the land so conveyed, which were secured by mortgage on the land. This action was brought to foreclose this mortgage. The petition first filed alleged that the notes and the mortgage were in the possession of the defendants and that the mortgage had been canceled of record; the petition stating that the mortgage was canceled by James Thomas, the mortgagee named therein, "for reasons which at the time appeared to him to be good and sufficient." The plaintiff was then required by the court

to state what reasons actuated the cancellation of the mortgage by James Thomas, and in answer to such requirement he amended his petition, setting up the fact that tax ferrets who had been employed by the authorities of Muscatine County had discovered the mortgage in question and that it had not been returned for taxation, and that to avoid the taxation thereof the said James Thomas and Charles E. Brookhart, one of the makers of the mortgage, entered into an agreement whereby the mortgage should be canceled, and that it was canceled by said James Thomas in accordance with said agreement. After the plaintiff had filed this amendment, the defendants demurred thereto on general grounds, raising the question that the petition as amended pleaded an illegal transaction, and therefore defeated the relief asked by the plaintiff.

The sole question before us is whether the facts pleaded are sufficient to deny the plaintiff the relief prayed. We think there can be no serious doubt about the matter. In fact, the plaintiff himself concedes that the transaction as pleaded by him was illegal, and that it would be sufficient ordinarily to prevent a recovery; but he seeks to avoid the effect of such admission by taking the ground that the cancellation of the mortgage did not in fact or in law affect the rights between the mortgagor and mortgagee, and this for the reason that the recording of the mortgage was unnecessary as between the parties thereto. The trouble with the appellant's contention is this: While it was not necessary as between the parties to the mortgage that it be recorded, yet when it was recorded, and a release thereof was made, either on the record of the mortgage or by a properly executed and independent instrument, such release became *prima facie* evidence of the satisfaction of the mortgage and the debt secured thereby, and it then became necessary for the plaintiff to meet the *prima facie* case thus made. This he could not do without proving the facts connected with such release. In *Kuen, Executor, v. Upmier,*

98 Iowa, 393, we had a case where the foreclosure of a mortgage was sought, and where precisely the same question that we are now dealing with arose, and it was said: "The release of itself is *prima facie* evidence of payment. In *Fleming v. Parry,* 24 Pa. 47, speaking of releases, it is said: *'Prima facie,* they would, indeed, import extinguishment of the debt as well as the mortgage, and the burden of showing that they were not so intended was on the creditor.'" Quoting, then, from Jones on Mortgages, it was said: "A deed of release in the ordinary form . . . contains an express acknowledgment of the payment of the debt, and in such case would be *prima facie* evidence of it, unless fraud or mistake be shown in making such entry or release." It is manifest, therefore, that the plaintiff could have no standing in court, unless the release or cancellation which he himself pleaded was in some way gotten rid of. To destroy the effect of that release, it was necessary for him to plead the original agreement that he did plead, and it would also have been necessary for him to prove the agreement pleaded. That it is illegal to withhold property from taxation and to make false returns to the assessor will be conceded, we think. Section 1358 makes it a crime to knowingly make such false return. We see no escape from the conclusion that the demurrer was properly sustained.

The judgment will therefore be *affirmed.*