WILLIAM G. SHAW, TRUSTEE, *vs.* ANN R. JACKSON.

Third Judicial District, Bridgeport, October Term, 1917.
PRENTICE, C. J., RORABACK, WHEELER, BEACH and SHUMWAY, Js.

An inhabitant of Connecticut does not cease to be such by a temporary residence for three years in another State.

A mortgagee of real estate, after the debt has been paid, has nothing but a naked legal title, although he holds under a recorded deed which is absolute on its face; and therefore one who attaches his interest is in no better position, unless he was misled by such apparent ownership and gave it credit in his dealings with the mortgagee. A plaintiff who sues the apparent owner in tort and attaches his interest, cannot, however, avail himself of this principle, inasmuch as he could not have been misled to his injury by such ostensible ownership.

The question of costs in an equitable action is one entirely within the discretion of the court.

Argued October 31st, 1917—decided January 3d, 1918.

SUIT to remove an attachment of real estate constituting an alleged cloud upon the plaintiff's title, brought to the Superior Court in Fairfield County where a demurrer to certain paragraphs of a plea in abatement was sustained and an issue of fact upon the remaining paragraph was found for the plaintiff (*Case, J.*), and the cause was afterward tried to the court, *Gager, J.;* facts found and judgment rendered for the plaintiff, and appeal by the defendant. *No error.*

The record contains a finding of substantially these facts: At the time of bringing this action the plaintiff was an inhabitant of this State, residing in the town of Norwalk. The land, the subject of this action, is situated in the town of Norwalk and valued at not less than $3,000. In September, 1914, the defendant attached the land in an action based upon an alleged tort, against one Leslie Gamble. On December 17th,

1913, the plaintiff owned said land as trustee, and on that day borrowed of Gamble the sum of $500, and to secure the payment of the loan he, by his unconditional deed, conveyed the land to Gamble. It was understood between the plaintiff and Gamble that the deed should not be recorded unless it became necessary to do so to protect his rights. On March 14th, 1914, the daughter of Gamble by mistake lodged the deed for record. The plaintiff in April, 1914, obtained from Gamble, a receipt for the deed, in which Gamble stated that the deed was received as "security for advances made by me to said W. G. Shaw, to the amount of $500 upon payment whereof with interest I shall reconvey the said land to said Shaw or his appointee." Prior to the attachment of the land by the defendant, the plaintiff, about April 24th, 1914, paid the loan to Gamble, and Gamble afterward surrendered the note evidencing the loan to the plaintiff's attorney. The note was dated December 18th, and the deed the 17th of December, 1913.

On May 15th, 1915, Gamble conveyed the premises to the plaintiff by his deed of that date. The delay from April, 1914, when the loan was paid, to May, 1915, when the land was conveyed back to the plaintiff, was a matter of convenience to the parties. The defendant was in no wise injured or deceived by anything the plaintiff did or failed to do, and the transaction between the plaintiff and Gamble had no connection with the tort action brought by the defendant against Gamble. The said action is still pending in court. It did not appear on the trial that any person, other than the plaintiff, had any interest in the land, though in the deed to him he was described as William G. Shaw, trustee.

The defendant filed a plea in abatement, alleging that the plaintiff was not an inhabitant of this State

and had given no bond for costs. An issue of fact, joined on the allegation respecting inhabitancy, was found for the plaintiff, and the other paragraphs of the plea were adjudged insufficient on demurrer.

The defendant also filed a demurrer to the complaint, which was overruled, and upon the trial to the court the issues were found for the plaintiff, and judgment was rendered dissolving the attachment on the land with an award of costs to the plaintiff.

*Joseph A. Gray,* for the appellant (defendant).

*John H. Light,* for the appellee (plaintiff).

SHUMWAY, J. The demurrer to paragraphs one and three of the plea in abatement was properly sustained.

The court, upon issue joined upon paragraph two of the plea, found as a fact that the plaintiff was an inhabitant of this State at the time of bringing the action. There is nothing inconsistent in the finding and the evidence, that the plaintiff had resided for three years in New York, if he had come into the State with an intention of remaining before bringing the action. But the evidence showed that his residence in New York was not at any time intended to be permanent, and that he regarded this State as his place of residence.

The defendant's demurrer to the complaint was properly overruled. The court, in its memorandum on the demurrer, clearly and correctly stated the law of the case as follows: "A mortgagee, as such, has no attachable interest in the land mortgaged. If a mortgagee by absolute deed has an interest it must be as a result of the state of the record as interpreted under the recording Acts. The record, however, does not seem to be conclusive for all purposes. In the present

instance the plaintiff at the time of the attachment had the equitable title to the entire beneficial interest in the land attached. An attaching creditor of the plaintiff Shaw could have held the land as against Gamble, the mortgagee, free of Gamble's lien before payment. *Ives* v. *Stone*, 51 Conn. 446. By the payment of the debt Gamble's lien as mortgagee was discharged and he held a mere naked legal title. The courts appear to hold that to entitle an attaching creditor to rely upon the record title in such cases the debt must have been created upon the faith of the apparent record title. No such claim can be maintained in this case because the defendant's attachment was made in an action of tort. The reasoning of the court in *Waterman* v. *Buckingham*, 79 Conn. 286 [64 Atl. 212], and the cases there cited, appears to be applicable to the facts of this case and to be conclusive."
The facts found by the court, as above set out, are substantially the allegations in the complaint which were before the court on demurrer. None of the allegations of the complaint were directly denied by the defendant's answer.

The defendant has brought before this court all the evidence in the case, on a motion to correct the finding. Some of the facts asked to be inserted in the finding are immaterial, if found to be true; and some of the paragraphs contain simply statements of evidence. All of the testimony in the case, other than the documentary evidence, came from Shaw and Gamble, and the court evidently believed them, as it undoubtedly was justified in doing.

The matter of costs in this action was entirely within the discretion of the court.

There is no error.

In this opinion the other judges concurred.