PASQUALE VALENTE *vs.* FRANCESCO COSTANTINO.

MALTBIE, C. J., HINMAN, BANKS, AVERY AND JENNINGS, Js.

Argued January 3d—decided March 21st, 1933.

*Robert J. Woodruff*, with whom was *Louis Shafer*, for the appellant (plaintiff).

*Philip Pond*, with whom, on the brief, was *Joseph B. Morse*, for the appellee (defendant).

MALTBIE, C. J.   In December, 1926, the plaintiff was engaged in constructing an apartment house upon certain premises owned by his wife.   The defendant loaned them $11,800 and later $5600, in each instance receiving a mortgage upon the premises executed by the wife.   Within less than a month after the second mortgage was given, the plaintiff's wife conveyed the property to him.   He then executed to Dominick Celotto a negotiable note for $20,000 payable on demand, secured by a mortgage upon the premises.   The plaintiff's indebtedness to Celotto at the time did not exceed $3150, although some time later Celotto advanced him additional sums not exceeding a total of $5000.   A few days after the execution of the mortgage to Celotto, the plaintiff borrowed from the defendant the further sum of $5700 and gave him another mortgage upon the property to secure the loan. The finding then states that shortly thereafter the plaintiff transferred to his wife the record title to the property and on March 14th, 1927, he secured from Celotto an assignment to himself of the $20,000 mortgage and note, without recourse.   Whether the transfer of title to the plaintiff's wife was before or after the so-called assignment of the Celotto mortgage to the plaintiff is not definitely found, but all parties seem to have assumed that it was before and this would be the natural construction of the finding.   A copy of the instrument transferring the Celotto mortgage to the plaintiff, made a part of the finding, discloses that the instrument was in the form of a quitclaim

deed, reciting as consideration $1 and other valuable considerations, and purporting to assign, transfer, release and quitclaim to the plaintiff all Celotto's right, title and interest not only in the mortgage but also in the land covered by it, which was described, and the note secured by it, the latter without recourse. The plaintiff thereafter induced the defendant to loan him a further sum of $3000 and to secure the loan purported to assign to him as collateral the Celotto mortgage. Default being made upon the mortgages held by the defendant upon the premises, he foreclosed them and, no defendant redeeming, title became absolute in him. This action is brought by the plaintiff against the defendant to foreclose the Celotto mortgage and from the judgment in favor of the defendant the plaintiff has appealed.

The nature of the transaction by which the plaintiff conveyed the title of the premises to his wife after making the mortgage to Celotto is not found. It does not appear that she assumed that mortgage and she must be regarded as having taken the title to the property, at most, subject to it. This would not create a personal liability upon her part to pay the mortgage debt; *Lippitt* v. *Thames Loan & Trust Co.*, 88 Conn. 185, 197, 90 Atl. 369; and the debt remained that of the plaintiff alone. He was the principal debtor. The note was on demand and was matured at the time of the transfer of the mortgage by Celotto to the plaintiff. When the mortgage with the note secured by it was transferred to him, the note was discharged. General Statutes, § 4436. Moreover, while the deed of transfer of the note and mortgage to him is spoken of in the finding as an assignment it was more than that; it purported to be also a release of both; and when it is remembered that to treat the deed as an assignment would be to make the plaintiff owner of a

debt which he alone owed, it is obvious that it must be given effect as a release rather than an assignment. As such, at least in the absence of proof of other circumstances, it must be regarded as discharging the debt. *Will* v. *Brookhart,* 149 Iowa, 426, 428, 128 N. W. 237; *Seiple* v. *Seiple,* 133 Pa. St. 460, 472, 19 Atl. 406; *Ormsby* v. *Barr,* 21 Mich. 474, 481; *Tedens* v. *Schumers,* 112 Ill. 263, 268; *Braman* v. *Bingham,* 26 N. Y. 483, 490. The debt having been satisfied, there was no longer any outstanding mortgage which could be enforced, whether it had been formally released or not. *Peck* v. *Lee,* 110 Conn. 374, 378, 148 Atl. 133; *Palmer* v. *Uhl,* 112 Conn. 125, 128, 155 Atl. 355; *Desiderio* v. *Iadonisi,* 115 Conn. 652, 655, 163 Atl. 254. The purported assignment of the mortgage to the defendant as collateral security for the loan of $3000 in fact conveyed no interest in it to him, and there is no basis upon which the plaintiff could found a foreclosure of that mortgage against anybody.

There is no error.

In this opinion the other judges concurred.