CLARENCE C. MARKHAM *vs.* JOSEPH SMITH.

MALTBIE, C. J., HAINES, BANKS, AVERY and JENNINGS, JS.

Argued December 4th, 1934—decided January 21st, 1935.

*Charles M. Lyman,* for the appellant (defendant).

*George C. Conway,* for the appellee (plaintiff).

MALTBIE, C. J.  On November 27th, 1914, Mennone owned a tract of land in Madison and on that day he mortgaged it to Chittenden to secure a note for $2000. This mortgage was later assigned to the plaintiff.  On May 21st, 1919, Mennone conveyed part of the tract, which we shall call parcel A, by warranty deed, free of incumbrances, to Scranton and by mesne conveyance the title to it came to the defendant.  On December 21st, 1922, Mennone conveyed another part of the tract, which we shall call parcel B, to the Lovedays, by warranty deed subject to a balance of $1500 due upon the mortgage from him to Chittenden; on the same day the Lovedays mortgaged this land to the plaintiff to secure a note of $1100; and subsequently the plaintiff foreclosed this mortgage and took title to the land.  On June 29th, 1929, Mennone conveyed the remainder of the tract, which we shall call parcel C, by warranty deed, free of incumbrances, to the defendant.  Certain buildings were erected upon parcel A while Scranton owned it.  While interest on the debt secured by the mortgage to Chittenden was paid up to May 27th, 1931, the owners of parcel A have paid

neither interest nor any part of the principal since 1919 and have in no way recognized any personal obligation to pay the debt. In this action the plaintiff is seeking to foreclose the Chittenden mortgage, now owned by him, as regards parcels A and C. The trial court found that when the plaintiff foreclosed his mortgage upon parcel B the amount of the debt fixed in the judgment was $1327.60 and that the value of the land was then $2450; and it applied the difference in these sums in reduction of the amount it found due the plaintiff upon the mortgage now being foreclosed and entered its decree that unless the defendant paid this sum his equity of redemption as regards parcel A would be barred. The defendant has appealed from this judgment. He claims that any action against him upon the note is barred by the statute of limitations, and hence the mortgage cannot be foreclosed against him; and, in the alternative, that upon the facts judgment ought to enter for him, or that he was entitled, upon the payment of the entire amount of the debt secured, to have all three parcels transferred to him, or to redeem parcels A and C upon payment of that portion of the debt which the value of these parcels bears to the aggregate value of the three tracts, or that the entire value of parcel B should be applied to the payment of the debt found due in the present action and the balance applied to the mortgage the plaintiff foreclosed upon that tract.

In a long line of decisions, from *Belknap* v. *Gleason*, 11 Conn. 160, to *Downey* v. *Moriarty*, 81 Conn. 442, 71 Atl. 581, this court has held that the barring of a debt secured by a mortgage by the running of the statute of limitations does not prevent a foreclosure of the mortgage. The appellant asks us to reconsider this rule. Repeatedly reaffirmed and generally known, it has taken on the aspect of a rule of property and in

all probability many mortgages in this State are now held, after any action upon the debt secured has been barred, in reliance upon it. We would be justified in overturning it only by compelling reasons, which we cannot find to exist. Indeed, the rule is in harmony with the accepted principle that the statute of limitations does not destroy the debt but merely bars the remedy. *Parsons* v. *Utica Cement Mfg. Co.*, 82 Conn. 333, 341, 73 Atl. 785. This is the basis upon which part payment, acknowledgment of the debt or a new promise will toll the running of the statute, for if the debt were destroyed by it, none of these could avail in the absence of a consideration. "Our statutes of limitation do not create an arbitrary bar to the recovery of a debt independent of the will of the debtor. If they did a new promise would not avail the creditor unless founded on some new consideration, and in such case the action would have to be brought on the new promise. But our courts have always considered them mere statutes of repose, which suspend the remedy, leaving the debt uncanceled and still binding *in foro conscientiae*. Hence it is well settled that the debt may be revived and the bar to its recovery removed by a new promise, either express or implied." *Norton* v. *Shepard*, 48 Conn. 141, 142. In *Hill* v. *Halliwell*, 50 Conn. 270, it was held that proceedings to foreclose a mechanic's lien would not lie after the debt was barred, but such a case was distinguished from proceedings to foreclose a mortgage because of the statutory nature of the lien. Under our established rule, which we cannot see sound reason to change, the statute of limitations was not a bar to the prosecution of this action. The trial court has not found that the plaintiff had abandoned his mortgage and we cannot hold as matter of law that he had done so.

Originally the mortgage now being foreclosed rested

upon the entire tract. When Mennone conveyed parcel A free of incumbrances, the effect of that transaction was to place the entire burden of the mortgage primarily upon the land retained by the grantor, and to that extent relieve the land conveyed. 3 Jones, Mortgages (8th Ed.) § 2085. That principle rests upon a twofold ground. On the one hand, it is a fair presumption under such circumstances that the purchaser paid the entire value of the land conveyed to him regardless of the mortgage, and to permit the mortgage to be enforced against the land would derogate from the grant made to him. On the other hand, the assertion of the mortgage against that land would be contrary to the grantor's warranty, for the breach of which the purchaser would have a cause of action against him. The purchaser's right to have the entire mortgage satisfied by the grantor is recognized in equity, and upon proper pleading is given effect in an action to foreclose the mortgage. The right is equitable in its nature and that being so its enforcement against a subsequent purchaser of the land retained would necessarily depend upon notice to him, actual or constructive, of the former conveyance. *Guion* v. *Knapp*, 6 Paige Ch. (N. Y.) 35, 42. Where the portion of the tract remaining after the first conveyance is later sold and transferred to another, it is generally held that the grantee will be obligated to recognize the equity of the purchaser of the first tract. *Hiles* v. *Coult*, 30 N. J. Eq. 40; *Sheperd* v. *Adams*, 32 Me. 63, 65; *Henkle's Executrix* v. *Allstadt*, 45 Gratt (Va.) 284, 292. Decisions so holding often make no mention, or only incidental mention, of the necessary element of notice of the equity on the part of the purchaser, it apparently being assumed that the recording of the deed gives that notice. In *Sanford* v. *Hill*, 46 Conn. 42, where an entire tract was mortgaged and later a

portion of it, designated as lot B, was sold to Hill free
of incumbrances and another portion, lot C, was con-
veyed to Mrs. Sanford by quitclaim deed, we said
(p. 52): "Maria Bouton, by giving a deed of war-
ranty of *B* to E. J. Hill, so far forth as they and any
subsequent purchasers of *C* are concerned, freed *B*
from the burden of the mortgage and placed it upon
*C;* this last lot, upon foreclosure by the bank, must
have paid the whole debt if of sufficient value; Hill,
by recording his deed, gave notice to all persons of the
precise nature and extent of her right to and interest
in *C;* under such notice Mrs. Sanford took precisely
that right and no greater, presumably taking the fact
disclosed by the notice into consideration in establish-
ing the price; Hill's rights in and to *B* having been
previously fixed by the record of his deed are not to
be diminished or affected by the subsequent convey-
ance of *C*." And again (p. 53): "The rule which im-
poses the burden primarily upon lot *C,* in the inverse
order of conveyance by Mrs. Bouton, is a logical result
of our recording system and has a firm foundation in
equity." See also *Hunt* v. *Mansfield,* 31 Conn. 488,
491; *Kennelly* v. *Kelly,* 51 Conn. 329.

In *Brown* v. *Simons,* 44 N. H. 475, 480, cited in the
*Sanford* case, the basis upon which notice of the equi-
table right of the first purchaser is imputed to one who
later takes title to the land retained by the grantor
is thus stated: "If the first conveyance by the mort-
gagor after the mortgage, is duly registered by the
grantee, he has done all that he can do to give notice
of the new burthen that is thereby thrown upon the
part which is retained by the mortgagor; and a second
purchaser, charged, as he clearly is, with notice of the
mortgage upon the whole land, and when the deed is
registered, knowing that the extent of the burthen
upon his own purchase must depend upon the fact of

there having been a prior conveyance by the mortgagor, would, upon due inquiry, and in the exercise of reasonable diligence, be led by the record to a knowledge of the true state of the title, and the extent of the incumbrance upon the land conveyed to him. This he is directly interested to know, and the first purchaser has placed the means of knowledge reasonably within his reach, and it is his own fault if he neglects to avail himself of it. In the examination of the title of the part he proposes to buy, he is led directly to the original mortgage, and he finds that his is but part of an entire tract in which his grantor has only a right of redemption, and which was originally subject to a common burthen, but liable to be affected by a prior sale of another part of the entire tract."

There is no hardship in this rule. A successor in title to the land retained after the first conveyance, in searching back his title, necessarily finds that it formed a part of a larger tract all covered by a single mortgage, of which a portion has been conveyed away. He cannot in safety ignore the deed of that portion. He must examine it, if for no other reason than to see that the original owner, after that conveyance was made, still retained title to all the land which he purported thereafter to transfer. Being pointed so directly to that deed and charged with knowledge that under the law its terms might materially affect his obligation under the mortgage, reasonable care requires that he examine not only the description in it but the terms it contains as they might affect the burden of that mortgage.

Defendant, having acquired title to parcel A under a warranty deed reciting that the land was free of incumbrances, became possessed of an equitable right to have the burden of the mortgage first imposed upon the remaining land in the tract. When parcel B was

subsequently conveyed to the Lovedays, they took it subject to the same equity. The fact that the plaintiff at the same time took a mortgage upon, instead of a deed of, this parcel cannot in any way free him from the equity, as a mortgagee is just as much bound by the notice of that equity as he would be if he had acquired title by warranty deed. *McIntire* v. *Parks,* 59 N. H. 258; *Lyman* v. *Lyman,* 32 Vt. 79, 80. That the plaintiff subsequently foreclosed his mortgage upon parcel B, would in no way increase his rights, for he took title to it under that foreclosure subject to any outstanding equities against the property at the time it was mortgaged. *Gaul* v. *Baker,* 105 Conn. 80, 82, 134 Atl. 250.

The defendant was entitled to have parcels B and C first applied to the discharge of the mortgage debt, and the question remains as to the burden resting upon these parcels respectively. Where successive portions of a tract all of which is subject to one mortgage are conveyed by warranty deeds, free of incumbrances, the rule is stated to be that the liability to discharge the mortgage rests upon them in inverse order. 3 Jones, Op. Cit., § 2085. In this instance the finding states that Mennone conveyed parcel B to the Lovedays subject to a balance of $1500 due upon the Chittenden mortgage. We have not the deed before us nor any extraneous facts which might interpret the intention of the parties. Standing by itself it falls short of a sufficient indication of an intent to charge the entire mortgage upon the land conveyed. Had that been intended it would be natural to expect the deed would have contained a definite assumption by the grantee of the mortgage. See *Hubbard* v. *Ensign,* 46 Conn. 576; *Lippitt* v. *Thames Loan & Trust Co.,* 88 Conn. 185, 197, 90 Atl. 369; *Valente* v. *Constantino,* 116 Conn. 386, 388, 165 Atl. 210; 2 Jones, Op. Cit., § 925. We interpret the pro-

vision in the deed as meaning no more than that the land conveyed to the Lovedays was to bear its fair proportion of the mortgage debt. *Hoy* v. *Bramhall,* 19 N. J. Eq. 563, 570; *Hall* v. *Morgan,* 79 Mo. 47, 52. The effect of the conveyance of parcel B subject to the unpaid balance upon the mortgage was not to place upon that parcel the entire burden of the mortgage, but was to destroy any equity that the purchaser might have to place that burden primarily upon the land thereafter retained by the grantor. *Hoy* v. *Bramhall, supra,* p. 569; *Briscoe* v. *Power,* 46 Ill. 447. On the other hand, the deed of parcel C, though the land was conveyed under a warranty deed free of incumbrances, could not have the effect of placing the burden of the mortgage primarily upon parcel B. Such equity as might otherwise arise out of that conveyance, could not increase the burden upon parcel B which had been previously conveyed. *Cooper* v. *Bigly,* 13 Mich. 463, 476; 3 Jones, Op. Cit., § 2088. The result is that the mortgage rested at the time the foreclosure action was brought upon the two parcels B and C.

When the plaintiff by the foreclosure of the mortgage on parcel B and entry into possession perfected his title to it, he took the land in satisfaction of the mortgage upon that particular parcel. This is not a case where a part of the land mortgaged is conveyed to a mortgagee in satisfaction in whole or part of the debt or in lieu of a foreclosure. See *Brooks* v. *Benham,* 70 Conn. 92, 98, 38 Atl. 908, 39 id. 1112. The transaction with reference to the Lovedays mortgage was separate and distinct from the liability of any of the parties under the Chittenden mortgage. The plaintiff cannot be said to have appropriated parcel B to the payment of the latter mortgage. In effect he purchased the right and title of the Lovedays in return for a surrender of their indebtedness to him. If

the plaintiff thereby acquired the land at less than its value, that gave the defendant no right to have the excess value applied upon the mortgage now being foreclosed. Indeed, the finding fails to disclose that there was any such excess value because the Lovedays held the land subject to its proper proportion of the burden of the Chittenden mortgage, so that such excess could only be determined by deducting the amount due upon the Lovedays mortgage, not from the value of the lands unincumbered, but from the value of the equity of redemption in it under the Chittenden mortgage. There is no ground upon which to base a claim that the value of parcel B or any part thereof should, because of the plaintiff's foreclosure of that parcel, be applied in reduction of the debt under the Chittenden mortgage.

There was no such merger of title as would extinguish the debt due under the Chittenden mortgage. By his foreclosure the plaintiff did not acquire the entire tract covered by that mortgage but only a part of it. The only debt that could thereby be extinguished would be the portion of the charge resting upon that part, parcel B; and there would be no merger of the title of the entire tract covered by the Chittenden mortgage by reason of the foreclosure of parcel B, at least as regards parcel C. *Delaware & Hudson Canal Co.* v. *Bonnell,* 46 Conn. 6, 14. Moreover, it would be manifestly to the advantage of the plaintiff to keep the mortgage alive as regards parcels A and C, as he apparently supposed he could, and in the absence of anything amounting as matter of law to an intention to merge the titles, we can only regard them as separate and distinct. *Osborne* v. *Taylor,* 60 Conn. 107, 21 Atl. 380; *Skinner* v. *Hale,* 76 Conn. 223, 225, 56 Atl. 524.

As between parcels B and C equity would apportion

the burden in accordance with their respective values. *Osborn* v. *Carr,* 12 Conn. 195, 211; *Andreas* v. *Hubbard,* 50 Conn. 351, 370; *Brooks* v. *Benham,* 70 Conn. 92, 38 Atl. 908, 39 id. 1112. There is a disagreement among the authorities in regard to the time as of which the values should be taken in such a case as this. 3 Jones, Op. Cit., § 2091. In this case there is no need to consider that question, because while the trial court has found the values of the tracts as of 1932, it has also found that the ratio of values of the respective parcels was the same throughout the period covered by the transactions and the only improvements which the finding indicates were made after the making of the mortgage were buildings constructed upon parcel A, while the burden of the mortgage has come to rest primarily upon parcels B and C. As the value of these two pieces greatly exceeds the amount due upon the mortgage being foreclosed, parcel A is not subject to foreclosure in this action. The cross-complaint filed by the defendant is sufficiently broad to justify the trial court in exonerating this parcel from the mortgage.

The defendant, upon paying the entire debt, would not have the right to acquire all three pieces free of the mortgage. Had parcel B been included in the foreclosure proceedings and had the defendant then, in order to redeem his property, paid the entire debt, he would have been subrogated to the right to enforce the mortgage against parcel B for such an amount as represented the just proportion of the mortgage debt it should bear; and the plaintiff as owner of parcel B could have redeemed the land .by paying that sum. The result of such a transaction would have been the same as that accomplished by the bringing of the foreclosure action against the tracts not owned by the plaintiff and by a judgment permitting the defendant

to redeem that one of them subject to the mortgage by paying to the plaintiff the just proportion of the debt it ought to bear. In this way the defendant is given the benefit of all the rights and equities he possesses and much circuity of action is avoided. The judgment of the court should therefore be that parcel A is owned by the defendant free and clear of the mortgage and that the defendant is entitled to redeem parcel C by the payment of such proportion of the debt found due as the value of parcel C bears to the aggregate values of parcels B and C taken together.

Costs in equitable actions are in the discretion of the court; General Statutes, § 2271; *Shaw* v. *Jackson,* 92 Conn. 345, 102 Atl. 736; *Bissing* v. *Turkington,* 113 Conn. 737, 739, 157 Atl. 226; but ordinarily they are awarded upon the same basis as in actions at law. *Tomlinson* v. *Ward,* 2 Conn. 396, 403. The judgment of the trial court gave the plaintiff a part but not all the relief he claimed; this judgment it could enter upon the complaint, without regard to the issues raised by the cross-complaint; and under such circumstances, in an action at law, the plaintiff would be entitled to costs. *Tomasetti* v. *Kowalski,* 116 Conn. 371, 374, 164 Atl. 909. The ultimate judgment will, however, give the plaintiff part of the relief claimed by him and the defendant part of that claimed in the cross-complaint. The costs to be awarded must await the final disposition of the case.

There is error, the judgment is set aside and the case remanded to be proceeded with according to law.

In this opinion the other judges concurred.