EDUARDO FOSSAS LÓPEZ CEPERO, Plaintiff and Appellant, *v.* THE NATIONAL CITY BANK OF NEW YORK, Defendant and Appellee.

No. 7041. Argued June 9, 1936.—Decided July 8, 1936.

*G. de la Haba* and *Rafael Baragaño, Jr.,* for appellant. *Fiddler, Córdova & McConnell* for appellee.

MR. JUSTICE TRAVIESO delivered the opinion of the Court.

The plaintiff appellant is the owner of a parcel of land which he acquired in payment *(dación en pago)* of a judgment rendered in his favor and against Mrs. Mercedes de la Torre. The said parcel, which has an area of 1,575 square meters, was segregated from another parcel of 9,571 square meters on which Mrs. De la Torre, by a deed of May 20, 1929, had constituted a mortgage in favor of the

American Colonial Bank of Puerto Rico to secure the payment of a promissory note subscribed by her and by Francisco de la Torre, for the sum of $10,398.38, with interest thereon at 9 per cent per annum, said mortgage having been recorded in the Registry of Property of San Juan. The said promissory note was assigned to The National City Bank of New York, appellee herein, and that banking institution started an ordinary personal action in the District Court of San Juan to recover the principal and interest owing to it by Francisco de la Torre, Mrs. Mercedes de la Torre, and her husband, Arturo O'Neill; and to secure the effectiveness of any judgment that might be rendered in said action, the plaintiff bank sought an attachment against the property of the defendants, to secure a total sum of $13,398.38, but said attachment was levied only on property of the then defendant, Francisco de la Torre. No attachment was levied on the parcel of 9,071 sq. m. mortgaged as security for the promissory note. It is alleged that the value of the property attached belonging to Mr. De la Torre covers the whole of the principal and interest sought to be recovered by the attaching bank.

The plaintiff further alleged that on June 11, 1932, judgment was rendered in the action above referred to, in favor of The National City Bank of New York and against Mrs. De la Torre, said judgment becoming final; that the judgment has not been executed on the mortgaged parcel nor has the latter been attached in execution of the judgment, the bank pursuing its action solely against the defendant Francisco de la Torre; that the mortgage creditor, The National City Bank, having elected the remedy of a personal action against its debtors, the property of the plaintiff has been released from the lien with which it was charged in favor of said bank; that the plaintiff-appellant demanded from the appellee bank that it grant its consent to the cancellation of the record in the registry as regards his parcel of 1,575 sq. m., and that the bank refused to consent to

such cancellation. The plaintiff concluded by praying for a judgment declaring waived and extinguished, in fact and in law, the said mortgage lien and ordering the cancellation thereof in the registry with respect to the parcel of the plaintiff-appellant.

Plaintiff has taken the present appeal from a judgment of dismissal of the complaint for failure to allege facts sufficient to constitute a cause of action.

■■ The legal question now before us for decision may be formulated thus: Should a mortgage security constituted by one of the debtors under a joint and several obligation be considered as waived and extinguished by the mere fact of the creditor having sought to enforce the obligation through an ordinary action of debt and the attachment of property of the other debtor, instead of resorting to the summary proceeding under the Mortgage Law or the mixed action, real and personal, regulated by our Code of Civil Procedure?

To support the affirmative, counsel for the appellant cites the case of *Dix* v. *Smith,* 50 L.R.A. 714, and numerous decisions from various states which appear in the footnote to said case. We have made a careful study of all those cases and we consider the same to be inapplicable to the solution of the legal problem submitted to us by the appellant. All the cited cases involve a creditor who, having his credit secured by a chattel mortgage, sought to enforce such credit by means of an attachment of the same personal property subject to the mortgage. The courts have held that the two liens, that of the chattel mortgage and that of the attachment, are essentially different and inconsistent and can not co-exist on the same property and in favor of the same creditor; and they base this holding upon two doctrines of the common-law to the effect; (1) that the execution of a chattel mortgage operates to transfer the legal title in the mortgaged property to the mortgagee, and (2) that the equity of redemption granted by the law to the mortgagor is not

attachable. It seems logical that if the creditor is vested with the title to the personal property upon the execution of the mortgage in his favor, he should not be permitted to attach that same property, as no one can attach something which already belongs to him; and that if notwithstanding this rule, the creditor levies an attachment on the mortgaged property, his action should be construed as an acknowledgment of the title in his debtor and as a waiver of his rights as such mortgage creditor.

The doctrine laid down by the cases cited by the appellant is not and can not be applicable to the case at bar, since here there is not involved an attachment of the same parcel of land mortgaged by Mrs. Mercedes. de la Torre to the defendant bank, but an attachment of other real property belonging not to the same mortgagor but to a joint codebtor secured by the mortgage. See in this connection the case of *National City Bank* v. *De la Torre,* 48 P.R.R. 130, cited by the appellant himself. And even though an attachment of the same property subject to the mortgage were involved, said doctrine would not be applicable to a case like the one at bar, either in the continental United States or in Puerto Rico, for the reason that here as well as in the States, a mortgage of real property does not produce any change in the legal title to the property which remains in favor of the debtor until a sale or award of the realty in satisfaction of the debt has taken place. Moreover, we think that the doctrine of the chattel mortgage cases would not be applicable even if the same property mortgaged had been attached, as our laws do not require the levy of an attachment and such levy would be an idle and superfluous proceeding, as maintained by Galindo y Escosura, (1884 ed.), vol. 4, p. 204.

In order to uphold their contention that the attachment of other property different and apart from the mortgaged one, produces in consequence a waiver of the mortgage, counsel for the appellant go into the field of our local jurisprudence and cite to us the cases of *Hernández* v. *Fernández*

*et al.,* 17 P.R.R. 111; *Santini Fertilizer Co.* v. *Lee & Son,* 44 P.R.R. 216; *Fernández* v. *Luyando,* 46 P.R.R. 664; and *Torres* v. *Fernández,* 47 P.R.R. 802, as the authorities from which this new doctrine is derived.

Let us see whether it is true that the cases thus cited uphold the contention of the appellant:

In *Hernández* v. *Fernández et al., supra,* the plaintiff had been awarded, in satisfaction of a favorable judgment, one-half of a property which was burdened with a mortgage in favor of the defendants. The latter instituted an action against the principal debtor obtaining a judgment in their favor, and for the purpose of satisfying it, they attempted to sell the attached properties which were the same ones mortgaged. The sale was opposed by the plaintiff, who claimed to be the owner of one-half of one of the said properties, for which reason the sale could not be made. The defendants then commenced a special proceeding for the foreclosure of the mortgage and directed the same against that half of the property which belonged to the plaintiff. Thereupon the latter brought an action for nullity. And this Court said:

"From the foregoing statement of facts the conclusion is easily reached that the contention of plaintiff regarding his petition for the cancellation of both the mortgage and the record thereof in the registry is wholly unfounded.

"A mortgage directly and primarily subjects the property on which it is constituted, whoever its owner may be, to the fulfilment of the obligation for the security of which it was given. (Article 105 of the Mortgage Law.)

"The property, which Hernández Mena acquired under the decision rendered in the personal action brought by him against the owner, had already been mortgaged by said owner in favor of Fernández, and this mortgage continued in full force, the transfer of title made by Nin in favor of Hernández not affecting it in any way.

"The fact that the creditor brought an ordinary action and obtained judgment in his favor, directing the payment of the debt previously secured by the mortgage, does not preclude him from insti-

tuting summary proceedings when, as in the case at bar, it shall have been shown that the judgment rendered in the first action could not be enforced."

The decision in *Santini Fertilizer Co.* v. *Albert E. Lee & Son, supra,* in no way supports the appellant's contention. In that case, Colón had executed a mortgage in favor of Finlay Waymouth & Lee, to secure a promissory note. Santini Fertilizer Co. obtained a judgment against Colón and acquired by purchase at a public sale the dominion title to the mortgaged property. Subsequently, Lee & Son, as an assignee, foreclosed the mortgage and was awarded the same property the ownership of which had already been transferred to Santini Fertilizer Co., who were not notified of the foreclosure proceedings. The nullity of such foreclosure proceedings was adjudged at the instance of Santini Fertilizer Co., who appealed from that part of the judgment which dismissed the complaint in so far as it prayed that the mortgage securing the promissory note issued by Colón be declared inexistent and extinguished. The appellant contended that the promissory note secured by the mortgage was a mercantile obligation which became extinguished by prescription after the lapse of three years from its maturity, the mortgage becoming extinguished at the same time. This Court rejected such a contention and affirmed the judgment appealed from, saying:

"We are of opinion that when a loan secured by mortgage is effected, the personal action is merged in the real mortgage action. Really, the loans to which the mortgage serves as security are of a personal character, and were we to hold .that, upon the personal action being barred, the mortgage action lapses by reason of the inexistence of the principal obligation, the twenty-years' prescription could not be applied practically and the legislator, in fixing such limitation, would have performed a futile act. The American jurisprudence agrees with this view on the point that the mortgage security answers for the debt, irrespective of the personal action. The basis on which that jurisprudence mainly rests is that, even though the personal action can not be resorted to by reason of the prescrip-

tion, the debt however does not become extinguished but continues subject to the mortgage. *Conway* v. *Caswell,* 48 S. E. 957; *Downy* v. *Moriarty,* 81 Conn. 442.''

We do not agree with the construction and scope given by the appellant to the decision of this Court in the case of *Fernández* v. *Luyando, supra.* In that case Fernández, a mortgage creditor, brought an ordinary action against the actual possessor of the mortgaged property and against Luyando, as original debtor, to recover the sum of $3,000, and alleged in the complaint that the property was not worth more than $1,500, a fact which was supported by the evidence. The complaint was based on the theory that the mortgaged property should respond for the debt, so far as it could, and that the original debtor should be held liable for the balance. The lower court, considering the action premature, dismissed the complaint as to the original debtor and based itself on the decision of this Supreme Court in *Malgor & Co.* v. *Clivillés, Succrs., S. en C.,* 42 P.R.R. 441. On appeal from that judgment, this Court held that the decision in *Malgor & Co.* v. *Clivillés, supra,* was correct, inasmuch as it decides, in effect, that before any personal obligation against another person could arise, the property must be sold; but it declared that the opinion rendered in that case can not be held to prevail where an ordinary action is begun both against the property and against the original debtor. The paragraph of the said opinion, which the appellant cites in support of his contention, is as follows:

''It is clear, as appellants point out, that a mortgage is subsidiary to the principal obligation (Section 1758 of the Civil Code, Comp. of 1911) and the obligation of Luyando remains unsatisfied and due until paid. *Of course, the Fernández brothers might have elected to forego their mortgage right entirely and could have begun a proceeding exclusively against Luyando. This they did not do.* They began an ordinary mortgage proceeding against Hernández and included Luyando as a personal dobtor. Therefore, while we think the case must be reversed and that the action was not premature, yet, the Fernández brothers are not entitled to an absolute judgment against

Luyando, and did not ask for it. What they should obtain in this case under the form of their action and the prayer thereof is a judgment against the mortgaged property and a deficiency judgment for the balance of the debt not covered by the sale. In other words, *the judgment should be reversed and another rendered whereby the mortgage property should, according to law, be sold at execution and Félix Luyando be ordered and adjudged to pay any deficiency which may arise from the sale of the property."*

The italicized words appearing above, which are the ones cited as the principal basis for the theory of the appellant, constitute a mere *dictum* and can not be invoked as authority for maintaining the doctrine that, if the mortgage creditor commences an ordinary action against a codebtor on the obligation and attaches property other than the mortgaged one, by that act alone he waives and extinguishes the mortgage securing the obligation.

Nor does the case of *Torres* v. *Fernández, supra,* support the theory of the appellant. Let us look at the facts first: Fernández, a mortgage creditor, instituted a personal action to collect his credit and levied an attachment upon the same property mortgaged in his favor. At the time of the attachment, the property appeared recorded in the name of the debtors, notwithstanding it had been sold several months previously, by a public deed, to Torres. After the attachment was levied, Torres filed a complaint in intervention *(tercería de dominio)* praying for the dissolution of the attachment and the acknowledgment of his ownership rights in the property. The defendant denied that Torres was the owner of the property at the time the attachment was levied. The complaint in intervention was dismissed, as the lower court considered that the transfer of the property to Torres was presumed to have been made without consideration, since no purchase price had been delivered in the presence of the notary, and because it considered that the sale was false and simulated. An appeal having been taken, this Court held that, even though the creditor is entitled to forego the mortgage security and to exercise a purely personal action of debt,

he has no right to secure the effectiveness of the judgment, by levying an attachment on the mortgage property, where said property has passed into the hands of a third person, and without having instituted a real action to collect the mort-gage credit or affording to the new owner of the property an opportunity to defend as a party to the action.

It is true that in the case above cited this Court said:

"Upon receiving notice from the registry that the property had been sold to a third person, the mortgage creditor could have exercised the proper action to enforce the obligation on the mortgaged immovable. The law gives the mortgage creditor full protection in order that he may subject the security to the fulfilment of the obligation. *If by reason of his having disregarded this security he can not secure the effectiveness of his credit on the thing mortgaged, this will be due to his own conduct and he, therefore, has no grounds for complaint.*" (Italics ours.)

The language which we have italicized above has not the import that the appellant seeks to ascribe to it. What it means is that the creditor who has elected the ordinary action can not, within such ordinary action, attach the mortgaged immovable, where the ownership rights in said immovable have passed to a third person, who is not a party to the action. The decision does not go to the extent of holding, as the appellant claims, that the mortgage creditor has lost or waived his rights as such. The decision in its dispositive part, fully maintains the contrary when it says:

"For the reasons stated, the judgment appealed from must be reversed and another rendered declaring that the plaintiff, María Torres Maldonado, is the owner of the property described in the complaint, and ordering the cancellation of the attachment entered in the registry of property at the instance of the defendant, without any special imposition of costs and without *prejudice to the right of said defendant to bring the proper real action, with the intervention of all the interested parties to enforce on the mortgaged immovable the obligation contracted in his favor.*"

The paragraph which we have just transcribed and espe-cially the italicized words therein, could rather be cited as

authority for maintaining the survival of the real mortgage action, even after the mortgage creditor has elected the ordinary action to enforce his credit.

In the case of *National City Bank* v. *De la Torre,* 48 P.R.R. 130, and 49 P.R.R. 562, cited by the appellant, the defendant Francisco de la Torre alleged that he was not a joint debtor on the promissory note involved in the complaint, but a joint surety, and that as such joint surety he had been released from the obligation, since he could not be subrogated to the mortgage securing the promissory note, by reason of the fact that the plaintiff had exercised a personal action, disregarding the mortgage, and had attached property of the defendant Francisco de la Torre; which was tantamount to an implied waiver of the lien, the mortgaged property thus becoming free from all responsibility. And this Court held:

"As regards the subrogation, it will suffice to say that in the aforesaid deed of acknowledgment of debt and mortgage the following was agreed:

" '*Fourth.*—The creditor bank reserves to itself the right, in case of default in this obligation, to demand full payment thereof from either one of the debtors or jointly from both and to seek by judicial action the payment of the mortgage, all at the exclusive option of the bank, in the order that the creditor may deem best, or by enforcing all the said securities simultaneously.'

"Accordingly, what the plaintiff bank did was to exercise its right in the manner in which it had been expressly acknowledged to him by the defendant-appellant himself. And if in addition account is taken of the agreement set forth in the third clause of the deed above transcribed with reference to the subsistence of the mortgage, it will be seen that there is not basis for the application of Section 1751 of the Civil Code, 1930, ed., invoked." 49 P.R.R. 562.

When the appellant in the case at bar accepted the parcel of land which was awarded to him in satisfaction of the judgment in his favor and against Mrs. De la Torre, he knew that said parcel was subject to the mortgage constituted as

security for the promissory note executed in favor of The National City Bank, and therefore he took it subject to the responsibilities and obligations included in the mortgage deed, which was recorded in the registry of property as alleged in the complaint. The stipulations contained in said deed are as binding upon the plaintiff, in regard to the mortgage security, as they might be upon the original debtor, Mrs. Mercedes de la Torre. And those obligations of the mortgage contract continue in full force and effect until the principal obligation shall have become extinguished by payment.

The appellant herein, as the actual owner and possessor of the mortgaged parcel, can not be deprived of his ownership rights in the immovable, except through a summary proceeding or a real action to enforce the mortgage credit, and after he has had an opportunity to defend as a party to such action. But the appellant has no right to demand that his property should be released from the mortgage lien merely because of the fact that the creditor has attached property belonging to a codebtor as further security for the effectiveness of the judgment sought. The appellant could obtain the release of his property only by pleading and proving that the principal obligation has been discharged. And that fact, which is essential and necessary to the existence of the cause of action sought to be exercised, does not appear alleged in the complaint.

The lower court did not err in sustaining the demurrer based on the insufficiency of the complaint, and in declaring that the latter is premature.

The judgment appealed from will be affirmed.

Mr. Justice Córdova Dávila took no part in the decision of this case.